# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 11, 2021

| | | |
|---|---|---|
| RANDY NOLEN, | * | No. 19-1953V |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Ruling on Entitlement; Conceded; Tetanus-diphtheria-acellular-pertussis ("Tdap") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA") |
| Respondent. | * | |

## RULING ON ENTITLEMENT[1]

On December 26, 2019, Randy Nolen ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"). Pet. at 1, ECF No. 1; 42 U.S.C. § 300aa-10 to -34 (2012). Petitioner alleges that he developed a right-sided shoulder injury related to vaccine administration ("SIRVA") as a result of the tetanus-diphtheria-acellular-pertussis vaccine he received on October 5, 2018. Pet. at 1, 4.

On May 17, 2021, Respondent filed a report pursuant to Vaccine Rule 4(c) in which he concedes that Petitioner is entitled to compensation in this case. Resp't's Report at 1, ECF No. 19. Specifically, Respondent concluded that "compensation is appropriate because [P]etitioner meets the criteria for a presumed SIRVA, as defined by the Vaccine Injury Table." *Id.* at 5 (citing 42 C.F.R. §§ 100.3(a), (c)(1); 42 U.S.C. § 300aa-13(a)(1)(B)).

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and my review of the record, I find that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

**IT IS SO ORDERED.**

                                            <u>s/Herbrina D. Sanders</u>
                                            Herbrina D. Sanders
                                            Special Master